## UNREASONABLE REQUIREMENT AS TO HOUSE DRAINAGE.

Common Pleas Court of Franklin County.

JOHN M. RICHARDS v. JOSEPH DAUBEN ET AL.

Decided, March, 1915.

*Constitutional Law—Ordinance Relating to House Drains—Rendered Void by an Unreasonable Restriction as to the Use of Vitrified Pipe.*

1. A municipal ordinance which requires that all house drains shall be of vitrified pipe or iron pipe, and if of vitrified pipe then encased in two inches of cement or grout, is unreasonable and void for the reason that vitrified pipe is less porous than cement and

the cement sleeve would serve no useful purpose but would so increase the cost as to render the use of vitrified pipe prohibitive and create a monopoly in the use of iron pipe which the evidence shows to be less desirable.

2. Mandatory injunction is the proper procedure where a permit to lay a house drain of vitrified pipe has been refused.

*E. G. Lloyd*, for plaintiff.
*H. L. Scarlett*, contra.

ROGERS, J.

The action is one to require Joseph Dauben, chief inspector of buildings of Columbus, Ohio, and D. D. Lewis, chief inspector of plumbing, by mandatory injunction, to issue a permit to plaintiff for the construction of a house drain. It appears from the whole case that plaintiff, in the proposed construction of the house drain for which he seeks a permit, is willing to comply with the state building code, but refuses to comply with ordinance No. 23377, Section 47. This section declares, in substance, that "all house drains shall be of extra heavy cast iron pipes with leaded and caulked joints, or of vitrified pipe jointed with mortar   *   *   *   and completely encased in Portland concrete or grout, at least two inches thick," etc. Plaintiff refuses to encase the vitrified pipe, which he seeks to use in the drain, with cement or grout two inches thick, and his refusal is based on the ground that the ordinance requiring such encasement of the vitrified pipe is unreasonable and therefore void. Evidence in the form of affidavits has been offered on the question, and from the evidence adduced, it appears to me that the requirement that the vitrified pipe be encased with cement or grout is a useless requirement which serves no practical, sanitary or other good purpose, and makes the laying of house drains out of vitrified pipe almost prohibitive. Upon the whole, vitrified pipe is less liable to deteriorate in the ground than iron pipe, on account of rusting away and allowing the contents to percolate through the soil and into the air. From the evidence adduced I can see no practical merit in placing a sleeve two inches thick about vitrified pipe. The latter is less porous than the cement. Whatever gases will penetrate the pipe—a practical impossibility— will more readily penetrate the cement, by reason of its greater

porosity.  It may be that with the cement encasement the joints would be made more secure against breaking apart and the escape of gas.  Even this may be doubted.  On the other hand, the liability of iron pipe to breaking up, and to allow the escape of the gases, etc., therefrom renders the objection to it no less serious than to the vitrified pipe.

I have come to the conclusion that the section of the ordinance which requires vitrified pipe to be encased in two inches of cement or grout serves no practical use, is a mere arbitrary requirement and does not conduce to the health or sanitary advantage of the inhabitants.  Rather it conduces to a monopolization of house drain building by confining the construction of house drains to one material, to-wit, iron pipe, or to encased vitrified pipe which from a mechanical point of view on account of the expense makes it practically prohibitive in the construction of drains.  The section, in my opinion, is an unreasonable requirement and is therefore void.  The remedy in my opinion is by mandatory injunction and not by mandamus.

While there is no stipulation that the case was submitted upon its merits, using affidavits as the evidence instead of testimony taken at the trial, I came to that conclusion from some statements by counsel.  If the hearing is merely for a preliminary injunction, I would be slow to grant the relief.  However, if the affidavits are to be treated as evidence on final submission, I have no hesitancy in granting the decree as a final determination of the controversy, by ordering the permit issued.  I will not do so, however, as a mere preliminary injunction.  I will wait to hear from counsel before making the entry.